No. 24-6119

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

CLINTON BROWN,

*Plaintiff-Appellant*,

v.

EMIL ASSENTATO, TAX DEED ENTERPRISES LLC, STEVE WEERA TONASUT TRUST,

*Defendants-Appellees*

On Appeal from the United States District Court
for the Central District of California
No. 2:23-cv-02972
Hon. Maame Ewusi-Mensah Frimprong

_____

**APPELLANT'S MOTION FOR JUDICIAL NOTICE**

_____

Clinton Brown
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

*Self-Represented - Appellant*

## APPELLANT'S MOTION FOR JUDICIAL NOTICE

Clinton Brown, Plaintiff–Appellant respectfully moves this Court to take judicial notice of a recorded Trustee's Deed Upon Sale, a public document relevant to the disposition of property central to this appeal. The document was recorded on March 5, 2025, in the Official Records of Los Angeles County as Instrument Number 20250139172. A true and correct copy is attached hereto as Exhibit A.

## LEGAL STANDARD

Judicial notice is proper under Federal Rule of Evidence 201(b)(2), which permits courts to take notice of facts "that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts can take notice of *undisputed* property documents recorded in the public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). The attached Trustee's Deed Upon Sale is a certified public record maintained by the Los Angeles County Recorder's Office and reflects that Appellee-Defendant Steve Weera Tonasut, acting as Trustee of the Tonasut Family Trust, acquired title to the Agoura Hills property through a non-judicial foreclosure conducted on February 28, 2025, and recorded on March 5, 2025.

## DISCUSSION

At the commencement of this litigation, Plaintiff-Appellant held a property interest in the Agoura Hills parcel, which forms a central part of the controversy in this appeal. As of March 5, 2025, that interest was extinguished through a trustee's sale, conducted without any formal notice to Plaintiff-Appellant. This transaction, only recently discovered, raises serious concerns regarding Plaintiff-Appellant's statutory rights, fair notice, and Appellees-Defendants conduct during the pendency of this litigation. Plaintiff intends to address these issues, and the resulting deprivation of his property interest, in his forthcoming Reply Brief, which is due on or before May 12, 2025. *See* Fed. R. App. P. 31(a)(1) (permitting 21 days after

service of the appellee's brief). Accordingly, Plaintiff hereby gives formal notice to this Court and to Appellees-Defendants of his intent to raise these newly discovered facts and their legal implications in the Reply. These facts also underscore the importance of judicial notice in preserving the integrity of the record on appeal. *See* Circuit Rule 27-1 (CIRCUIT ADVISORY COMMITTEE NOTE TO RULE 27-1)[1]

Because "[t]he court may take judicial notice at any stage of the proceeding," it may be taken for the first time on appeal. *See* Fed. R. Evid. 201(d); *See Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971). Paragraph (b)(2) of Rule 201 states in part that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." It is *undisputed* that Trustee's Deed Upon Sale transferred the property central to this case from The Atlas LLC, A California Limited Liability Company to Steve Weera Tonasut, Trustee of The Tonasut Family Trust Dated June 14, 2004, on March 5, 2025. Thus the legal arguments surrounding that transfer must be brought to the attention of this Court during this appeal.[2]

---

[1] (7) Requests for Judicial Notice. Requests for judicial notice and responses thereto filed during the pendency of the case are retained for review by the panel that will consider the merits of a case. The parties may refer to the materials the request addresses with the understanding that the Court may strike such references and related arguments if it declines to grant the request.

[2] We "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 738 (9th Cir. 1986). Three main exceptions to that rule exist. First, we will review an issue not present in an opening brief for "good cause shown", Fed. R.App.P. 2, or "if a failure to do so would result in manifest injustice." *United States v. Loya*, 807 F.2d 1483, 1487 (9th Cir. 1987). Second, "[w]e have discretion to review an issue not raised by appellant . . . when it is raised in the appellee's brief." *In re Riverside Linden Investment Co.*, 945 F.2d 320, 324 (9th Cir. 1991). Third, we may review an issue if the failure to raise the issue properly did not prejudice the defense of the opposing party. *See U.S. v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992); *See also*, FRAP 27(a)(4) ("A reply must not present matters that do not relate to the response."). In other words, if Appellees-Defendants do not address this judicially noticeable fact in their Opposition, Plaintiff-Appellant's Reply will necessarily present matters that may not directly relate to the response. Otherwise, this judicially noticeable fact may never be adjudicated by this Court, or it may require a separate action to be filed in another Court.

The foreclosure and subsequent transfer of title — without any formal notice to Appellant — illustrates the high-stakes nature of the transaction and the power imbalance between parties. Whether cast as a securities transaction or not, this conduct reflects the exact kind of speculative, reliance-based scheme that the securities laws were designed to regulate.

In the alternative, the March 5, 2025, Trustee's Deed Upon Sale is not merely a post hoc transaction — it is the culmination of the very scheme pleaded in the First Amended Complaint: Defendants used false representations and recorded documents to engineer a wrongful foreclosure and transfer of title. This judicially noticeable fact supports the predicate acts under 18 U.S.C. §§ 1341, 1343, and 1962(c)-(d), and would further substantiate an amended complaint under RICO.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court take judicial notice of the attached Trustee's Deed Upon Sale as a matter of public record under Fed. R. Evid. 201 and that the Court address the serious questions raised by Appellees' successful effort to deprive Appellant of his property interest under false pretenses and without notice during the pendency of this litigation.

Dated: 03/30/2025                    /s/ *Clinton Brown*, Self-Represented[3]
                                     Clinton Brown
                                     1431 Ocean Ave, Unit 413
                                     Santa Monica, CA 90401
                                     clinton@atlasinc.solar
                                     310-775-7990

                                     *Self-Represented - Appellant*

---

[3] "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." *See* 28 U.S.C. § 1746

## DECLARATION OF CLINTON BROWN

I, Clinton Brown, declare as follows:

1. On Friday, March 28, 2025, at 3:02 P.M. and again at 3:10 P.M., I received phone calls and voicemails from Steve Tonasut, an Appellee-Defendant in this matter.
2. At 3:06 P.M., I emailed Mr. Fred Hickman, counsel for Appellees, requesting that his client refrain from direct communication with me and direct all future communications through counsel.
3. At 5:22 P.M. the same day, I received an email from Mr. Tonasut stating: "Sorry to inform you of my necessity to foreclosure our land in Agoura. Trustee sale was on 2/28/25 and I had the highest bid. Trustee's Deed upon Sale was recorded on 3/5/25 Grant and Convey to me as the only owner."
4. On March 28, 2025, I obtained a copy of the Trustee's Deed Upon Sale, recorded on March 5, 2025, as Instrument No. 20250139172. A true and correct copy is attached hereto as Exhibit A.

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." *See* 28 U.S.C. § 1746.

Dated: 03/30/2025                                             */s/ Clinton Brown*, Self-Represented

## CERTIFICATE OF SERVICE

CC: All Counsel of Record (via ACMS) on March 30, 2025

# EXHIBIT A

**This page is part of your document - DO NOT DISCARD**

# 20250139172



**Pages:**
**0005**



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

### 03/05/25 AT 08:00AM

| | |
|---|---:|
| FEES: | 31.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 106.00 |



**L E A D S H E E T**



202503050270008

00025282198



015173326

**SEQ:**
**01**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**

2405983CAD_Package_4_

RECORDING REQUESTED BY:
Superior Loan Servicing

AND WHEN RECORDED TO:
The Tonasut Family Trust
DTD 6/14/2004
20147 Chapter Drive
Woodland Hills, Ca 91364

Forward Tax Statements to
The address given above

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: 2023-01808
Loan #: RMF4027704

Order #: 2405983CAD

# TRUSTEE'S DEED UPON SALE

A.P.N.: 2064-005-011, 2064-005-015     Transfer Tax: $NONE
THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE, SECTION R & T 11926
The Grantee Herein was the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was **$335,998.20**
The Amount Paid by the Grantee was **$335,998.20**
Said Property is in the City of **Agoura Hills**, County of **Los Angeles**

**Superior Loan Servicing**, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

### Steve Weera Tonasut, Trustee of The Tonasut Family Trust Dated June 14, 2004

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of Los Angeles, State of California, described as follows: See Attached "Exhibit A"

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **The Atlas LLC, A California Limited Liability Company** as Trustor, dated **10/29/2020** of the Official Records in the office of the Recorder of **Los Angeles**, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on **12/18/2020**, instrument number **20201688735**, Book , Page of official records. Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

## TRUSTEE'S DEED UPON SALE

TS #: **2023-01808**
Loan #: **RMF4027704**
Order #: **2405983CAD**

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **2/28/2025**. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$335,998.20**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **Superior Loan Servicing**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: **2/28/2025**

**Superior Loan Servicing, by Asset Default Management, Inc., as Agent for Trustee**

By: _____
**Julie Taberdo, Sr. Trustee Sale Officer**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF California
COUNTY OF Los Angeles

On 2/28/2025 before me, F.V. Franco, Notary Public Personally appeared, Julie Taberdo who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Seal)
Notary Name

F. V. FRANCO
Notary Public - California
Los Angeles County
Commission # 2366331
My Comm. Expires Aug 15, 2025

# EXHIBIT "A"

## LEGAL DESCRIPTION

Parcel 1:

Lot 3 in Tract No. 33128, in the County of Los Angeles, State of California, recorded in Book 1099, Pages 94 to 97, inclusive of maps, in the office of the County Recorder of said County.

Except from a portion of said land, all oil, oil rights, minerals, mineral rights, natural gas, natural gas rights and other hydrocarbons, by whatsoever name known, that may be within or under the parcels of land hereinafter described, without, however, the right ever to drill, dig or mine through the surface of said land therefor or otherwise in such manner as to endanger the safety of any highway that may be constructed on the lands hereby conveyed as provided in the Deed recorded April 2, 1951 as Instrument No. 3289, of official records.

Also except from a portion of said land, one-half of all crude oil, petroleum, gas, brea, asphaltum and all kindred substances and other minerals under and in said land, without right of entry, as provided in the Deed recorded December 6, 1954 as Instrument No. 540, of official records.

Also except from a portion of said land, one-half of all minerals, oil, petroleum, asphaltum, gas, coal and other hydrocarbon substances and water contained in, on, within and under said land, provided, however, that this grant shall neither grant nor shall it be construed as granting to grantees, their successors in interest or assigns the right to go upon or under said lands for the purpose of extracting any of said substances, as provided in the deed recorded October 23, 1958 as Instrument No. 1532, of official records.

Also except all oil, oil rights, minerals, mineral rights, natural gas, natural gas rights and other hydrocarbons by whatsoever name known that may be within or under the herein conveyed parcel of land, and the rights thereto, together with certain other conditions, as excepted in said Parcels 45809-5 and 46809-6 of said final order of condemnation, in Deed (State Parcel 18.1A) recorded April 2, 1951 in Book 35947 Page 142, official records, in said Parcels 1 and 2 of deeds (State Parcel B7694).

Parcel 2:

That portion of the northwest quarter of the southeast quarter and of the northeast quarter of the southwest quarter of Section 25, Township 1 north, Range 18 west, and that Portion of Government Lot 3 of said Section 25, in the County of Los Angeles, State of California, described as follows:

Beginning at the northeasterly terminus of that certain course described in Parcel 2 of said deed recorded in Book 35947 Page 142, of official records, as having a bearing of south 58° 434' 09" west, a distance of 147.26 feet; thence along the southerly line of the land described in last said deed south 84° 44' 04" east, (on a different basis of bearing), 182.76 feet to a tangent curve in said southerly line, concave northerly and having a radius of 2,050 feet; thence along said curve easterly, through an angle of 02° 20' 44" an arc distance 83.92 feet; thence south 41° 07' 44" west, 275.25 feet; thence south 52° 31' 06" west, 207.20 feet; thence south 84° 11' 33" west, 124.90 feet; thence north 62° 04' 30" west, 287.87 feet; thence north 77° 18' 25" west, 360.87 feet; thence south 71° 31' 30" west, 155.86 feet; thence south 75° 17' 41" west, 146.58 feet; thence south 80° 06' 39" west, 237.08 feet to a point in said southerly line of land described in said deed; thence in a general easterly direction along said southerly line, through the various courses and distances therein, to the point of beginning.

Excepting that portion of land recorded in Deed 1996-1294372.

Except one-half of all crude oil, petroleum, gas, brea, asphaltum and all kindred substances and other minerals, under and in said land, without right of entry, as reserved in the Deed from Norbert R. Nettleship and M. Athea White Nettleship, husband and wife, recorded December 6, 1954 in Book 46287 Page 361, of official records.

Also excepting therefrom all oil, oil rights, minerals, mineral rights, natural gas, natural gas rights, and other hydrocarbons by whatsoever name known that may be within or under the parcel of land hereinabove described together with the perpetual right of drilling, mining, exploring and operating therefor and removing the same from

*Exhibit A Continued*

said land or any other land, including the right to whipstock or directionally drill and mine from lands other than those hereinabove described, oil or gas wells, tunnels and shafts into, through or across the subsurface of the land herein above described, and to bottom such whipstocked or directionally drilled wells, tunnels and shafts under said beneath or beyond the exterior limits thereof, and to redrill, retunnel, equip, maintain, repair, deepen and operate any such wells or mines, without, however, the right to drill, mine, explore and operate through the surface or the upper 100 feet of the subsurface of the land hereinabove described or otherwise in such manner as to endanger the safety of any highway that may be constructed on said lands, as excepted by Deed from Bob Hope, who acquired title as Lester T. Hope and Dolores Hope, husband and wife, recorded July 11, 1964.

Vacant Land

APN: 2064-005-011 & 2064-005-015, Agoura Hills, CA 91301